UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MICHAEL COLE KAISER,

                    Plaintiff,

    v.

RODAKOWSKI, et al.,

                 Defendants.

Case No. 3:20-cv-05373-BHS-TLF

ORDER DENYING MOTION FOR COUNSEL

Plaintiff proceeds *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This matter comes before the Court on plaintiff's motion for court-appointed counsel. Dkt. 13. Having carefully considered this motion and the balance of the record, the Court finds the motion should be denied without prejudice.

No constitutional right exists to appointed counsel in a § 1983 action. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981); *see also United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is discretionary, not mandatory."). In "exceptional circumstances," the Court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1)). *Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds,* 154 F.3d 952 (9th Cir. 1998).

To decide whether exceptional circumstances exist, the Court must evaluate both "the likelihood of success on the merits [and] the ability of the petitioner to

articulate his claims *pro se* in light of the complexity of the legal issues involved."
*Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*,
718 F.2d 952, 954 (9th Cir. 1983)). A plaintiff must plead facts that show he has an
insufficient grasp of his case or the legal issue(s) involved, as well as an inadequate
ability to articulate the factual basis of his claim. *Agyeman v. Corrections Corp. of
America*, 390 F.3d 1101, 1103 (9th Cir. 2004). That a *pro se* litigant may be better
served with the assistance of counsel is not the test. *Rand*, 113 F.3d at 1525.

Plaintiff states in his motion that he does not have the resources to pay for an
attorney. Dkt. 13. The inability to obtain counsel due to cost or lack of availability,
however, does not constitute an exceptional circumstance that necessarily requires the
appointment of counsel.

Plaintiff also states he needs assistance and advice on how to proceed with his
legal action. Dkt. 13. However, this general assertion does not establish exceptional
circumstances that warrant the appointment of counsel. The fact that a *pro se* litigant
may be better served with the assistance of counsel is not the test. *Rand*, 113 F.3d at
1525.

Plaintiff also has not shown he is unable to articulate his claims *pro se*. Plaintiff
has successfully filed several documents, including a serviceable complaint and this
motion in which he has thus-far demonstrated an adequate ability to articulate the
factual and legal basis of his claims. Further, at this early stage of the action where
defendants have not yet filed an answer to the complaint, plaintiff has also not
demonstrated a likelihood of success on the merits. Nor, at this point, do plaintiff's

1    claims alleging inadequate medical care by DOC staff in changing plaintiff's psychiatric

2    medications, appear to the Court to be particularly complex.

3            In sum, plaintiff fails to demonstrate exceptional circumstances warranting

4    appointment of counsel. Plaintiff's motion for appointment of counsel (Dkt. 13) therefore,

5    is hereby DENIED without prejudice. The Clerk shall send a copy of this Order to the

6    parties.

7            Dated this 11th day of August, 2020.

8

9

10                                              _____
                                                Theresa L. Fricke
11                                              United States Magistrate Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

ORDER DENYING MOTION FOR COUNSEL - 3