UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICHAEL COLE KAISER, | |
| Plaintiff, | Case No. C20-5373-BHS-MAT |
| v. | |
| RODAKOWSKI, et al., | ORDER RE: PENDING MOTIONS |
| Defendant. | |

Plaintiff, an inmate currently housed at Stafford Creek Corrections Center, proceeds pro se and *in forma pauperis* (IFP) in this civil rights action. Plaintiff filed a Motion for Discovery Extension (Dkt. 43), Motion to Amend Complaint (Dkt. 46), and Second Motion to Amend Complaint (Dkt. 49). Defendants responded to the motions with objections. (Dkt. 47 & 50.) Now, having considered the motions and other submissions, the Court finds and concludes as follows:

(1)     Plaintiff seeks an extension of the discovery deadline from December 24, 2020 to March 24, 2021. (Dkt. 43.) He asserts the need for additional time to serve further discovery requests and to examine his 634 pages of medical records. In other submissions, plaintiff asserts, *inter alia*, defendants' failure to respond to outstanding discovery requests, his consideration of filing a motion to compel, his desire for a copy of his medical records given restrictions on the

ORDER - 1

time allowed for his review of those documents, and various other discovery-related issues and requests. (Dkt. 51.) Defendants ask that the request for an extension be denied, stating plaintiff has already exceeded allowances for discovery requests in serving twenty-nine interrogatories on each named defendant, many not related to the claims at issue. (Dkt. 47.)

The Court previously addressed discovery-related issues in this matter. (*See* Dkt. 42.) As the Court observed, discovery should, as a general matter, be conducted between the parties and the parties must confer and attempt to resolve their differences before seeking court intervention. *See also* Fed. R. Civ. P. 37(a)(1) and Local Civil Rule (LCR) 37(a)(1) (outlining rules governing the filing of a motion to compel). While defendants here raise legitimate questions as to the propriety of plaintiff's attempt to procure responses to additional interrogatories, it also appears unlikely the parties will resolve all of their ongoing disputes prior to the current discovery deadline. It is not clear, for example, whether plaintiff has had adequate time and opportunity to sufficiently review medical records pertinent to his claims. The Court, as such, finds an extension of the discovery deadline warranted.

Plaintiff's Motion for Discovery Extension (Dkt. 43) is GRANTED. The discovery deadline is extended to **March 24, 2021** and the Court will issue a revised scheduling order containing this revision, any other deadlines, and related information regarding the litigation of this matter. **Plaintiff is advised that, given this lengthy extension, he should not anticipate any further extension of discovery will be allowed**. Plaintiff is also directed to work with defendants to resolve any outstanding discovery disputes, in compliance with applicable federal and local rules governing discovery.

(2) Plaintiff filed two motions seeking to amend his complaint. (Dkts. 46 & 49.) Any motion to amend not accompanied by a proposed amended complaint is procedurally deficient and

ORDER - 2

will not be considered.  *See* LCR 15 (party seeking to amend pleading must attach copy of proposed amended pleading as exhibit to motion or stipulation to amend).  Because plaintiff failed to attach a proposed amended complaint to his first motion to amend, that motion (Dkt. 46) is DENIED as procedurally deficient.

Plaintiff did attach a proposed amended pleading to his second motion, allowing for the Court's consideration of his request to amend.  (*See* Dkt. 49 & Dk. 49-1.)  Federal Rule of Civil Procedure 15 provides that the Court "should freely give leave [to amend a pleading] when justice so requires."  Fed. R. Civ. P. 15 (a).  Leave to amend may be denied where there is undue delay, bad faith or dilatory motive, undue prejudice to the opposing party, or when the amendment would be futile.  *See Foman v. Davis*, 371 U.S. 178, 182 (1962).

Defendants oppose the motion to amend, asserting it is futile in failing to allege sufficient facts, such as the timing of and plaintiff's location during the claims raised, and is not made in good faith given a general a lack of clarity.  (Dkt. 50.)  However, as plaintiff observes, he does identify the timing relevant to the claims set forth in the proposed amended complaint.  (*See* Dkt. 49-1 at 7 (addressing actions/omissions between March 3, 2020 and June 16, 2020).)  Also, while not a model of clarity and lacking significant factual detail, it is apparent the proposed amended complaint is intended to add and/or clarify one or more claims under the Eighth Amendment to the due process, equal protection, and "medical/mental health care" claims raised in the original pleading.  (*See* Dkt. 8 at 7 and Dkt. 49-1.)

An amended complaint operates as a complete substitute for, rather than a mere supplement to, an original complaint.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).  Here, considering plaintiff's pro se status, the Court construes the proposed amended complaint as a supplement to the original pleading.  Plaintiff's Second Motion to Amend Complaint (Dkt. 49) is

ORDER - 3

1  GRANTED and the Clerk is directed to docket the attachment to the motion (Dkt. 49-1) as a
2  supplement to the complaint (*see* Dkt. 8).
3      (3)    The Clerk is also directed to send a copy of this Order to the parties and to the
4  Honorable Benjamin S. Settle.
5      Dated this <u>21st</u> day of December, 2020.

                              Mary Alice Theiler
                              United States Magistrate Judge

ORDER - 4